# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELLE RENEE SCOGGIN,<br><br>Plaintiff,<br><br>v.<br><br>TURNING POINT CENTRAL CALIFORNIA,<br><br>Defendant. | Case No. 1:20-cv-00140-DAD-SAB<br><br>ORDER VACATING FINDINGS AND RECOMMENDATIONS ISSUED MARCH 2, 2020 AND DIRECTING CLERK OF COURT TO UPDATE ADDRESS ON DOCKET<br><br>ORDER GRANTING PLAINTIFF DANELLE RENEE SCOGGIN'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF Nos. 6, 7, 8) |

On January 28, 2020, Plaintiff Danelle Scoggin ("Plaintiff"), appearing *pro se*, filed the complaint in this action along with an application to proceed *in forma pauperis*. (ECF Nos. 1, 2.) On January 31, 2020, the Court denied Plaintiff's application to proceed *in forma pauperis* and ordered Plaintiff to file a long form application to proceed *in forma pauperis* within twenty (20) days of service. (ECF No. 4.) On March 2, 2020, because Plaintiff failed to file such application, the Court issued a findings and recommendations recommending the action be dismissed for failure to comply with the Court's previous order. (ECF No. 6.) Objections to the findings and recommendations were due within thirty (30) days. (Id.) On March 13, 2020, Plaintiff filed objections to the findings and recommendation along with a completed long form application to proceed *in forma pauperis*. (ECF Nos. 7, 8.)

1

| 1  | The objection states that Plaintiff failed to timely respond to the Court's order because
| 2  | the order was mailed to the incorrect apartment unit. (ECF No. 7.) Plaintiff indicates her correct
| 3  | apartment unit is "P" rather than "B." (Id.) The Court notes that it appears Plaintiff did write the
| 4  | incorrect unit "B" on the first and second page of her filed complaint. (ECF No. 1 at 1-2.) A
| 5  | document from the County of Fresno, and another document filled out by Plaintiff do indicate
| 6  | that her actual unit number is "P" as Plaintiff indicates in the objection. (ECF No. 1 at 25, 40.)
| 7  | Accordingly, the Court shall direct the Clerk of the Court to update the docket to reflect
| 8  | Plaintiff's correct unit number and the Court shall vacate the findings and recommendations
| 9  | based on this fact.
| 10 | The Court now turns to Plaintiff's *in forma pauperis* application. In order to proceed in
| 11 | court without prepayment of the filing fee, Plaintiff must submit an affidavit demonstrating that
| 12 | she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The right to
| 13 | proceed without prepayment of fees in a civil case is a privilege and not a right. Rowland v.
| 14 | California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 198 n.2 (1993);
| 15 | Franklin v. Murphy, 745 F.2d 1221, 1231 (9th Cir. 1984) ("permission to proceed *in forma*
| 16 | *pauperis* is itself a matter of privilege and not right; denial of *in forma pauperis* status does not
| 17 | violate the applicant's right to due process"). A plaintiff need not be absolutely destitute to
| 18 | proceed *in forma pauperis* and the application is sufficient if it states that due to his poverty he is
| 19 | unable to pay the costs and still be able to provide himself and his dependents with the
| 20 | necessities of life. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948).
| 21 | Whether to grant or deny an application to proceed without prepayment of fees is an exercise of
| 22 | the district court's discretion. Escobedo v. Applebees, 787 F.3d 1226, 1236 (9th Cir. 2015).
| 23 | In assessing whether a certain income level meets the poverty threshold under Section
| 24 | 1915(a)(1), courts look to the federal poverty guidelines developed each year by the Department
| 25 | of Health and Human Services. See, e.g., Paco v. Myers, No. CIV. 13-00701 ACK, 2013 WL
| 26 | 6843057 (D. Haw. Dec. 26, 2013); Lint v. City of Boise, No. CV09-72-S-EJL, 2009 WL
| 27 | 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein). The 2020 Poverty Guidelines
| 28 | for the 48 contiguous states provides that for a household of two the poverty level is $17,240.00,

$21,720.00 for a household of three, and $26,200.00 for a household of four. See U.S. Department of Health and Human Services Poverty Guidelines for 2020, https://aspe.hhs.gov/poverty-guidelines (last visited March 19, 2020).

The Court has reviewed Plaintiff's long form *in forma pauperis* application. (ECF No. 8.) Plaintiff indicates she receives social security disability benefits in the amount of $948.00 per month, and also states such benefits go to her mother. (ECF No. 8 at 1-2.) Plaintiff indicates she receives $504.00 in food stamps per month. (Id. at 2.) Plaintiff also states she is supposed to receive $348.00 per month in child support, and although unclear, it appears she contends she has not been receiving it regularly but does so when the other parent is working. (Id. at 1.) Plaintiff also indicates that she has two sons that rely on her for support, aged seven and eighteen. (Id. at 3.) Plaintiff claims no rental or mortgage payments, and lists some expenses relating to food and clothing for her kids. (Id. at 4.)

Therefore, taking only the stated income amounts and assuming a full child support payment, Plaintiff has declared annual income of $21,600.00. Assuming no child support payment, Plaintiff has an annual income of $17,424.00. Plaintiff indicates she gives her disability benefits to her mother, however it is unclear whether her mother is a part of the household and what income her mother has. Further, it is unclear whether the non-minor son has income. Nonetheless, the Court finds that based on the totality of the facts and circumstances presented, Plaintiff's application demonstrates entitlement to proceed without prepayment of fees. Notwithstanding this order, the Court does not direct that service be undertaken until the Court screens the complaint in due course and issues its screening order.

///
///
///
///
///
///
///

Accordingly, IT IS HEREBY ORDERED THAT:

1. The Clerk of the Court is DIRECTED to update the docket to reflect Plaintiff's current address at: 3044 N. Fruit Ave., Apt. P, Fresno CA 93705;
2. The findings and recommendations issued on March 2, 2020 (ECF No. 6) is VACATED; and
3. The Court GRANTS Plaintiff's motion to proceed *in forma pauperis* (ECF No. 8).

IT IS SO ORDERED.

Dated: **March 19, 2020**

UNITED STATES MAGISTRATE JUDGE