# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELLE RENEE SCOGGIN,<br><br>    Plaintiff,<br><br>    v.<br><br>TURNING POINT CENTRAL CALIFORNIA,<br><br>    Defendant. | Case No.  1:20-cv-00140-DAD-SAB<br><br>ORDER DISREGARDING FIRST AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS<br><br>(ECF No. 12) |

On January 28, 2020, Danelle Renee Scoggin ("Plaintiff"), appearing *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983.  On March 27, 2020, Plaintiff's complaint was screened and it was found not to state a cognizable claim.  (ECF No. 10.)  Plaintiff was ordered to file a first amended complaint within thirty days.  (Id.)  The order was mailed to Plaintiff and was returned undeliverable on April 8, 2020.  Plaintiff's address was updated pursuant to the address that Plaintiff had included on her objections to a prior findings and recommendations and the order was re-served by mail.  The re-served order was returned as undeliverable on April 27, 2020.

On May 7, 2020, Plaintiff filed a notice of change of address and the order was re-served on this date.  On June 11, 2020, a document entitled first amended complaint was filed.  (ECF No. 12.)  However, the document is not a complaint and is not signed by Plaintiff.  The document states that on May 7, 2020, "I" was told that the documents were resent however the appropriate papers had not been received.  The document requests that "I" be called and provides seven phone numbers, including one that is identified as "Grandmother".  The document is signed by Gloria Austin and the phone number is the number for the individual identified as

"Grandmother".

A copy of the screening order was attached to the document and therefore it is apparent that the re-served document was received. Pursuant to the Local Rules of the Eastern District of California, Plaintiff is required to keep the court updated with her current address. L.R. 182(f). The Court will not make phone calls to attempt to track down Plaintiff. Further, all documents filed in this matter must be signed by the person who is appearing *in propria person* (the plaintiff). L.R. 131(b).

The Court shall have the order re-served on Plaintiff based upon the inference that Plaintiff did not receive the document, but no further filings will be accepted in this action unless they are signed by Plaintiff or an attorney.

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The first amended complaint filed June 11, 2020, is DISREGARDED;
2. The Office of the Clerk is DIRECTED to reserve the March 27, 2020 screening order (ECF No. 10) on the current address of record;
3. Plaintiff SHALL FILE a first amended complaint within **thirty (30) days** of the date of service of this order;
4. No further filings will be accepted from Plaintiff in this action unless they contain the signature of Plaintiff or her attorney should she obtain one; and
5. Failure to file an amended complaint in compliance with this order will result in the recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   **June 12, 2020**

UNITED STATES MAGISTRATE JUDGE