# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANELLE RENEE SCOGGIN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TURNING POINT CENTRAL CALIFORNIA,<br><br>　　　　Defendant. | Case No.  1:20-cv-00140-DAD-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THE ACTION FOR FAILURE TO STATE A COGNIZABLE CLAIM FOR RELIEF, FAILURE TO PROSECUTE, AND FAILURE TO COMPLY WITH COURT ORDERS<br><br>(ECF Nos. 10, 15)<br><br>OBJECTIONS DUE WITHIN TWENTY-ONE DAYS |

Danelle Renee Scoggin ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

**I.**

**BACKGROUND**

Plaintiff filed this action on January 28, 2020. (ECF No. 1.) On March 27, 2020, Plaintiff's complaint was screened and it was found not to state a cognizable claim. (ECF No. 10.) Plaintiff was ordered to file a first amended complaint within thirty days. (Id.) The order was mailed to Plaintiff and was returned undeliverable on April 8, 2020. Plaintiff's address was updated pursuant to the address that Plaintiff had included on her objections to a prior findings and recommendations and the order was re-served by mail. The re-served order was returned as

1  undeliverable on April 27, 2020.  On May 7, 2020, Plaintiff filed a notice of change of address
2  and the order was re-served on this date.  (ECF No. 11.)  On June 11, 2020, a document labelled
3  as a first amended complaint was filed.  (ECF No. 12.)  However, the document was not a
4  complaint and was not signed by Plaintiff.  On June 12, 2020, the Court issued an order
5  disregarding the filing, directing the Office of the Clerk to re-serve the March 27, 2020 screening
6  order, and ordering Plaintiff to file an amended complaint within thirty (30) days.  (ECF No. 13.)

7  On June 30, 2020, Plaintiff filed a one-page handwritten document with the heading
8  "Amended Complaint," however, the filing is substantively only a notice of another change of
9  address.  (ECF No. 14.)  The filing indicates Plaintiff was required to change addresses due to an
10  electrical fire.  (Id. at 1.)  Plaintiff attached pages of the re-served March 26, 2020 screening
11  order, and the June 12, 2020 order, and thus it appeared Plaintiff was clearly in receipt of such
12  documents.  (ECF No. 14 at 2-17.)  On the attached copy of the June 12, 2020 order, where the
13  Court ordered Plaintiff to file the amended complaint within thirty days, Plaintiff wrote in
14  handwriting: "rec[ei]ved 6/28/2020."  (ECF No. 14 at 4.)  On July 6, 2020, the Court issued an
15  order construing the filing as a request for additional time to file an amended complaint and
16  based on the date of receipt of the order, extended the time for Plaintiff to file the amended
17  complaint to thirty (30) days from her proffered date of receipt, June 28, 2020.  (ECF No. 15.)
18  The order stated that "[g]iven Plaintiff has been repeatedly notified of her duty to file an
19  amended complaint, if Plaintiff fails to file an amended complaint by such deadline, the Court
20  shall recommend this action be dismissed, even if this order notifying her of an additional
21  extension is returned undeliverable."  (Id.)  As of the date of this findings and recommendations,
22  Plaintiff has not filed an amended complaint.

## II.

## LEGAL STANDARD

25  Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court
26  determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which
27  relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from
28  such relief."  28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000)

1  (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners);
2  Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (dismissal required of *in forma pauperis*
3  proceedings which seek monetary relief from immune defendants); Cato v. United States, 70
4  F.3d 1103, 1106 (9th Cir. 1995) (district court has discretion to dismiss *in forma pauperis*
5  complaint under 28 U.S.C. § 1915(e)); Barren v. Harrington, 152 F.3d 1193 (9th Cir. 1998)
6  (affirming sua sponte dismissal for failure to state a claim). The Court exercises its discretion to
7  screen the plaintiff's complaint in this action to determine if it "(i) is frivolous or malicious; (ii)
8  fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a
9  defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

10    In determining whether a complaint fails to state a claim, the Court uses the same
11  pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint must contain "a
12  short and plain statement of the claim showing that the pleader is entitled to relief . . ." Fed. R.
13  Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the
14  elements of a cause of action, supported by mere conclusory statements, do not suffice."
15  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S.
16  544, 555 (2007)).

17    In reviewing the *pro se* complaint, the Court is to liberally construe the pleadings and
18  accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89,
19  94 (2007). Although a court must accept as true all factual allegations contained in a complaint,
20  a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A]
21  complaint [that] pleads facts that are 'merely consistent with' a defendant's liability . . . 'stops
22  short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting
23  Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for
24  the court to draw the reasonable conclusion that the defendant is liable for the misconduct
25  alleged. Iqbal, 556 U.S. at 678.

26    Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these
27  Rules or with any order of the Court may be grounds for imposition by the Court of any and all
28  sanctions . . . within the inherent power of the Court." The Court has the inherent power to

control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss a case for failure to comply with a court order, district courts are to weigh five factors: (1) the public interest; (2) the court's need to manage the docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Id.

## III.

## DISCUSSION

In this instance, the Court finds that dismissal of this action is warranted based on Plaintiff's failure to comply with the order to file an amended complaint that cures the deficiencies identified in the March 11, 2020 screening order. A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986)). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226.  Plaintiff was first ordered to file an amended complaint within thirty days of March 27, 2020.  (ECF No. 10.)  Plaintiff was ultimately provided an extension of time to file an amended complaint until July 28, 2020.  (ECF No. 15.)  Plaintiff has still not filed a first amended complaint in compliance with the Court's previous orders, and as explained in the original screening order, Plaintiff's originally filed complaint failed to state a cognizable claim for relief.  (ECF No. 10.)

Plaintiff's failure to comply with the orders of the Court and the Local Rules hinders the Court's ability to move this action towards disposition, and indicates that Plaintiff does not intend to diligently litigate this action.  Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action.  In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).  This risk of prejudice may be rebutted if Plaintiff offers an excuse for the delay.  In re Eisen, 31 F.3d at 1453.  The risk of prejudice to the defendants weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal.  It is Plaintiff's responsibility to move this action forward.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue.  This action cannot simply remain idle on the Court's docket, unprosecuted.  In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424.  The March 27, 2020 screening order expressly stated: "If Plaintiff fails to file a first amended complaint in compliance with this order, the Court will recommend to the district judge that this action be dismissed, with prejudice, for failure to obey a court order, failure to prosecute, and for failure to state a claim."  (ECF No. 4 at 20.)  Most recently on July 6, 2020, in granting Plaintiff an extension of time to file an amended complaint, the Court emphasized that "[g]iven Plaintiff has been repeatedly notified of her duty

to file an amended complaint, if Plaintiff fails to file an amended complaint by such deadline, the Court shall recommend this action be dismissed, even if this order notifying her of an additional extension is returned undeliverable." (ECF No. 15.) Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's orders.

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to comply with orders of the court, failure to prosecute, and failure to state a cognizable claim for relief.

This findings and recommendations is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, Plaintiff may file written objections to this findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 29, 2020**

UNITED STATES MAGISTRATE JUDGE